KUSKE, Respondent, vs. MILLER BROTHERS COMPANY and others, Defendants: BRILLION PULVERIZER COMPANY, Appellant.

*January 12—April 12, 1938.*

For the appellant there were briefs by *Rouiller, Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Austin W. Kivett.*

For the respondent there were briefs by *Martin, Clifford, Dilweg & Delaney* of Green Bay, and oral argument by *La Vern Dilweg.*

The following opinion was filed February 15, 1938:

ROSENBERRY, C. J. A single question is raised upon this appeal. The Pulverizer Company contends that it did not furnish a place of employment, and for that reason is not liable under the safe-place statute (sec. 101.06). The argument is that the place where the accident happened was reasonably safe for any operations which the Pulverizer Company carried on at that point; that if it became unsafe it was because of the use of the apparatus which was brought upon the premises by the Miller Company. The situation in that regard is this: The Pulverizer Company had work to be done for its benefit upon its premises. It requested the Miller Company to do the work. The Pulverizer Company was familiar with the method employed, and directed its employee to operate its crane for the purpose of facilitating the operation. This is not a case where an independent contractor while upon the premises doing work under his contract unknown to the other party creates a dangerous situation or subjects an employee to a hazard not within the contemplation of the other party. Here the superintendent of the Pulverizer Company admitted that he knew that the breaking of the scrap in the manner it was proposed to be broken was a dangerous operation. The danger may be properly said to inhere in the operation. Scrap metal cannot be broken up without there being a likelihood of pieces of metal flying or "splashing," as the term is used. Knowing all this the Pulverizer Company offered its premises as a

place of employment, and upon it rested the duty of seeing that that place of employment was reasonably safe. This case is ruled by *Neitzke v. Kraft-Phenix Dairies, Inc.* (1934) 214 Wis. 441, 253 N. W. 579. While in that case the dangerous agency was already upon the premises, the hazard was created by the operations of the independent contractor. Under either set of circumstances the place was a place of employment, and was furnished by the one for whom the work was being done.

Whether or not the place was reasonably safe was clearly under the evidence a question for the jury.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 12, 1938.